```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**MITCHELL A. JONES,**

                 **Petitioner,**

        v.                             CASE NO.  12-3049-SAC

**UNITED STATES,**

                 **Respondent.**

### O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate at the Norton Correctional Facility, Norton, Kansas.  Mr. Jones complains that the Federal Bureau of Prisons (BOP) refuses to take him into federal custody for service of his federal violator term until his state sentence is complete, "even though the state court in both 02CR3643 and 09CR587 ordered" that the state sentences run concurrent to the federal term.  He claims that the BOP is therefore "subverting the will" of the state courts and improperly increasing the time he must spend in prison. The facts alleged by petitioner and in the record indicate that his sentence is not being illegally executed.  Petitioner is given time to show cause why this action should not be dismissed for failure to state a viable claim under § 2241.

**FILING FEE**

Petitioner has neither paid the filing fee of $5.00 nor submitted a proper motion to proceed in forma pauperis.  Instead, the last page of his petition is headed "Forma Pauperis Affidavit"

and he states that he has no funds in his inmate account.[1]  28 U.S.C. § 1915 requires that a prisoner seeking to bring an action in forma pauperis submit an affidavit described in subsection (a)(1). Local court rule requires that a motion to proceed in forma pauperis be submitted upon forms supplied by the clerk and that a statement of the balance in the inmate's prison account be provided that is certified by a prison official.  D.Kan. Rule 9.1(g).  The clerk shall be directed to provide forms for filing a proper motion to proceed in forma pauperis, and petitioner will be given time to submit a proper motion and the certified balance.  This action may not proceed until he has submitted a motion that conforms to the requirements of § 1915(a) and court rule.  If petitioner fails to comply, this action may be dismissed without further notice.

**FACTUAL BACKGROUND AND CLAIMS**

Mr. Jones has been convicted of several offenses at various times in state and federal courts.  He does not clearly present the relevant facts.  Having screened the materials filed, and having reviewed the federal criminal case file and relevant documents therein, as well as records of the Kansas Department of Corrections (KDOC) pertaining to Mr. Jones that are available on-line, the court tentatively finds the factual background to be as follows.

1.  Mr. Jones was convicted in federal court of Theft of Firearms in Case No. 01-CR-40097-001 and on April 26, 2002, was sentenced to 72 months in prison with a three-year term of

---

[1] The clerk copied this page and filed the copy as a motion for leave to proceed in forma pauperis (Doc. 2). However, the motion is not upon forms and the account balance is not officially certified.

supervised release. He was convicted in state court of aggravated robbery in Case No. 00CR3643; and on April 29, 2002, was sentenced to a term of 102 months with a post-release term. On July 23, 2002, Mr. Jones was committed to federal custody for service of his 2002 federal sentence. He may have been given concurrent credit toward his 2002 state sentence for this time in federal custody. Petitioner remained in federal custody until February 8, 2007, when he was released to his three-year term of supervised release.

2. KDOC offender records available on-line indicate that Jones was "returned" to state custody from "another jurisdiction" on February 8, 2007. He remained in state custody until he was paroled in December 2008. Thus, Mr. Jones was at large in 2008, but on supervised release from both his 2002 federal sentence and his 2002 state sentence.

6. KDOC offender records show that a Kansas warrant issued on July 28, 2009, and Mr. Jones was arrested by state authorities in July 2009. It follows that Kansas obtained primary custody of Mr. Jones at this time. On March 8, 2010, Jones was convicted of new burglary charges in state court in Case No. 09-CR-587 and sentenced to 29 months in prison. Commission of these new offenses apparently violated the terms of his federal supervised release.

7. There are no facts to suggest that the State of Kansas relinquished primary custody of Mr. Jones to federal authorities after imposition of his 2010 state sentence. Instead, it appears that Jones was temporarily transferred to federal court pursuant to a writ of habeas corpus ad prosequendum for the revocation hearing held in federal court on March 30, 2010. Mr. Jones was found guilty of violating the terms of his federal supervised release, and

3

sentenced to a violator term of 24 months. The Judgment and Commitment Order was silent as to whether this federal violator term was to run concurrent or consecutive to Mr. Jones' prior state sentences. Mr. Jones was remanded to the custody of the U.S. Marshal.

8. KDOC records show that Mr. Jones was returned to KDOC custody on April 15, 2010, for service of "Parole Viol. New Sentence" and has remained in KDOC custody since that time.

9. Petitioner alleges that under Kansas law, his new 29-month state sentence ran consecutive to his 2002 state sentence, "but was ordered to run concurrently" with his 24-month federal violator term. However, he has remained in state custody serving his state sentences.

10. In June 2010, petitioner wrote the BOP asking them to designate the KDOC prison as the place for service of his federal violator term so that the state court's order of concurrent sentences could be effectuated. The BOP considered and denied this request based upon its finding that the federal sentencing court's order as to the federal violator term indicated that the judge's intent was for the sentences to run consecutive.

11. In July 2010, petitioner filed a motion in his federal criminal case to amend the revocation judgment (Doc. 43) in which he raised claims similar to the ones presented in this § 2241 petition. In denying this motion, the sentencing judge ruled:

> The court, in sentencing the defendant on March 30th, did not address whether his federal sentence should run concurrently with or consecutive to the sentences imposed in state court. The guidelines indicate that a revocation sentence should be served consecutively to any previously imposed state sentence. See U.S.S.G. § 7B1.3(f)("Any term of imprisonment imposed upon the revocation of probation

4

> or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."). Although Chapter 7's policy statements are merely advisory, United States v. Tsosie, 376 F.3d 1210, 1218 (10th Cir. 2004), "they must be considered by the trial court in its deliberations concerning punishment for violation of conditions of supervised release," id. (quotation omitted).
>
> The court is convinced that the sentence imposed on March 30th was appropriate. At the time of sentencing, the court was aware of the prior sentences imposed by the state court. The court believed that a consecutive sentence was appropriate at that time and continues to believe so. Accordingly, defendant's motion to amend the journal entry shall be denied.

Case 01-CR-40097-RDR (Doc. 44)(D. Kan. Sept. 10, 2010).

12. In March, 2011, Mr. Jones filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court raising the same claims as in his motion to amend revocation judgment and the instant action. The sentencing judge denied the motion again finding that its order, which indicated by its silence that the sentences were consecutive, was correct. The court advised Mr. Jones that he had not shown grounds to vacate his sentence under § 2255, and that any claim that his sentence was being improperly executed by the BOP must be raised in a § 2241 petition.

## **DISCUSSION**

If the foregoing facts are substantially correct, petitioner is not entitled to relief under § 2241. It is well-settled that a state prison inmate is not entitled to credit against a federal sentence for time spent in a state prison and credited against a state sentence simply because a state judge ruled that the state

sentence was to run concurrent to a federal sentence. Mr. Jones is, in effect, seeking this "double credit." The record in this case shows that the federal judge intended for Mr. Jones' federal violator term to run consecutive to his prior state sentences. The federal sentencing court's determination has been explained to Mr. Jones by that court on two occasions.

The BOP is properly executing Mr. Jones' federal term in accord with the federal sentencing judge's order. The BOP has no authority to execute a federal sentence other than as ordered by the federal court. Contrary rulings by a state court do not give the BOP that authority.

> 18 U.S.C. § 3584(a) pertinently provides:
>
> (a) Imposition of Concurrent or Consecutive Terms.—If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

The U.S. Supreme Court recently discussed § 3584, which it found addresses the "concurrent-vs.-consecutive decision" regarding multiple sentences. Setser v. United States, ___ S.Ct. ___, 2012 WL 1019970 (Mar. 28, 2012). The Court explained that federal district courts make this decision with respect to federal sentences:

> Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings. See Oregon v. Ice, 555 U.S. 160, 168-169, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009).

Id. They rejected the arguments that the BOP is not bound by the default rules in § 3584 and that the BOP has discretion to execute

6

sentences differently than as ordered by the federal sentencing judge:

> The Government contends that the Bureau applies the default rules in § 3584(a) "[a]s a matter of discretion" but is not " 'bound' " by that subsection. Reply Brief for United States 15, n. 5. We think it implausible that the effectiveness of those rules—of § 3584(a)'s prescription, for example, that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"—depends upon the "discretion" of the Bureau.

Id. at *4.  The Court reasoned:

> When § 3584(a) specifically addresses decisions about concurrent and consecutive sentences, and makes no mention of the Bureau's role in the process, the implication is that no such role exists.  And that conclusion is reinforced by application of the same maxim (properly, in this instance) to § 3621(b)—which is a conferral of authority on the Bureau of Prisons, but does not confer authority to choose between concurrent and consecutive sentences.

Id. at *5.  The court further explained:

> The first sentence in § 3584(a) addresses the most common situations in which the decision between concurrent and consecutive sentences must be made: where two sentences are imposed at the same time, and where a sentence is imposed subsequent to a prior sentence that has not yet been fully served.  It says that the district court has discretion whether to make the sentences concurrent or consecutive . . . .  And the last two sentences of § 3584(a) say what will be assumed in those two common situations if the court does not specify that the sentence is concurrent or consecutive.

Id. at *5 - *6.

It is plain that the BOP has no authority to execute a federal sentence as concurrent to state sentences, when a federal sentencing court has imposed its sentence as consecutive. As the U.S. Supreme Court held, the BOP simply is not authorized by Congress to make concurrent-vs.-consecutive decisions.  See id. at *6, fn. 5.

In this case, the sentencing order, according to the express rulings of the sentencing judge and in accord with § 3584(a),

provided that Mr. Jones' federal sentence was to run consecutive to his prior state sentences. Like in Setser, the difficulty here arises not from the federal sentence, but from the state court's decision to order its sentences to run concurrent with the federal sentence after the federal sentence had already been effectively ordered as consecutive. This is "indeed a problem," but not "one that shows the District Court's sentence to be unlawful." Id. at *7. In sum, petitioner presents no facts showing that his federal violator term being executed by the BOP as consecutive is a violation of either the U.S. Constitution or federal law.

Petitioner also claims that the Kansas sentencing court, by ordering his state sentence to run concurrently to his federal sentence, "relinquished custody" to the BOP "pursuant to K.S.A. 21-4608(h), and that his "K.S.A. 21-4608(h) motion to relinquish custody was granted by Judge Segara" on March 8, 2010, in Geary County District Court. Mr. Jones does not explain what K.S.A. 21-4608(h) provides and how it or a motion under it actually caused the State to relinquish custody to federal authorities. He is claiming, in effect, that the state court imposed a sentence it lacked authority to implement and misled him that he would be allowed to serve his state and federal sentences at the same time. This is a claim that must be fully exhausted in the state courts. In any event, violations of state law are not grounds for federal habeas corpus relief.

Mr. Jones also alleges that when he entered his plea of guilty in the federal revocation proceedings, he "was under the impression" that the federal sentence would be served first in a federal prison and the state sentence would run concurrently "as ordered." If Mr.

8

Jones has grounds to challenge the voluntariness of his plea in federal court, it may only be presented to the sentencing court by way of a motion under § 2255.  It is not a challenge to the execution of his sentence.

Petitioner is given time to show cause why this action should not be dismissed based upon the foregoing findings and authority for failure to state a claim.  If he fails to show good cause within the time allotted, this action will be dismissed without prejudice and without further notice.

The court has considered petitioner's Motion for Appointment of Counsel (Doc. 3) and finds it should be denied.  There is no constitutional right to assistance of counsel in a federal habeas corpus action, and certainly not when, as here, the petition fails to state a viable claim for relief.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is given thirty (30) days to either pay the filing fee or submit a properly supported motion to proceed in forma pauperis upon court-approved forms.

**IT IS FURTHER ORDERED THAT** within the same thirty-day period, petitioner is required to show cause why this action should not be dismissed for failure to state a viable claim for relief under 28 U.S.C. § 2241.

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel (Doc. 3) is denied.

The clerk is directed to send petitioner IFP forms.

**IT IS SO ORDERED.**

Dated this 17th day of April, 2012, at Topeka, Kansas.

<pre>
                                  s/Sam A. Crow
                                  U. S. Senior District Judge
</pre>