```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

MITCHELL A. JONES,

                Petitioner,

     v.                                   CASE NO. 12-3049-SAC

UNITED STATES OF
AMERICA,

                Respondent.

## MEMORANDUM AND ORDER

This habeas corpus petition was filed pursuant to 28 U.S.C. § 2241 by a state prison inmate.[1] Mr. Jones complains that the Federal Bureau of Prisons (BOP) has failed or refused to take him into custody for service of his federal violator term even though the state court ordered that his state sentences run concurrent to the federal term. The court screened the petition and entered an Order on April 17, 2012, requiring petitioner to satisfy the statutory filing fee prerequisites as well as show cause why this action should not be dismissed for failure to state a viable claim. Petitioner has submitted a Motion to Proceed in forma pauperis with financial information in support, which shows it should be granted. The

---

[1] Generally, the proper respondent in a petition for writ of habeas corpus is the applicant's "present custodian" at the time the application is filed. *Blango v. Thornburgh*, 942 F.2d 1487, 1492 (10th Cir. 1991); *see* 28 U.S.C. § 2242 (the "application for a writ of habeas corpus shall . . . allege . . . the name of the person who has custody over [the applicant] and by virtue of what claim or authority"). Petitioner's complaint is that he is not currently in federal custody, but he may be sufficiently "in custody" of the BOP, presuming a federal detainer is lodged against him based upon his federal parole violator term. *See United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010)("[Applicant] satisfies the 'in custody' requirement for habeas purposes because a prisoner may 'challenge a sentence that was imposed consecutively to his current sentence but which he has not yet begun to serve.'")(quoting *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009)).

matter is before the court upon petitioner's "Motion to Ammend (sic)(Doc. 7)."

Petitioner has responded to the court's order requiring him to show cause by filing a pleading, which he has entitled "Motion to Ammend petitioners 28 U.S.C. 2241." Since this response was filed as a motion, the court liberally construes and grants it as one to supplement the petition. It is not treated as a motion to amend because it does not contain all petitioner's allegations and claims. An amended petition completely supersedes the original petition. The motion contains a few supplemental allegations and exhibits, and no new claims. The court has considered petitioner's supplemental allegations and exhibits together with all other materials filed by him, and concludes that he has failed to show cause why this action should not be dismissed for failure to state a claim for relief under 28 U.S.C. § 2241.

In his motion/responsive pleading, Mr. Jones repeats his claims that his sentence is being "illegally executed" by the BOP and that he was "illegally sentenced by the U.S. District Court." Neither of these bald statements amounts to a showing that he is in custody in violation of the United States Constitution or federal law.

Petitioner reiterates his allegations that the state court, upon sentencing him on March 8, 2010, heard his "Motion to Relinquish Custody" to federal authorities pursuant to K.S.A. 21-4608(h),[2] and granted this

---

[2] K.S.A. 21-4608(h), which is currently K.S.A. 21-6606(h), provides:

When a defendant is sentenced in a state court and is also under sentence

2

motion on the same day as it was heard.  He substantiates some of the allegations by providing a copy of the motion that was filed in the District Court of Geary County, Kansas.  He also provides a copy of a Journal Entry entered in Geary County District Court in *State v. Jones*, Case No. 09 CR 587, which appears to have been file-stamped on March 13, 2012.  The Journal Entry indicates that the motion came on for hearing on March 10, 2010, and that the State had no objection.  It also indicates that the judge hearing the motion found that Mr. Jones "has been sentenced to the Kansas Department of Corrections and such time is ordered concurrent to his federal time in 5:01 CR 40097 001."  The judge also ordered that "defendant's Motion to Relinquish custody to federal jurisdiction to complete his concurrent sentences is hereby sustained pursuant to K.S.A. 21-4608(h)."

Petitioner re-alleges that the court granted his Motion to Relinquish jurisdiction as part of his plea agreement in the state cases, but does not provide facts or exhibits to support this allegation.  He re-argues that the state "relinquished" primary jurisdiction over him to federal authorities and that he should therefore be in federal custody serving his state sentence concurrent with his federal sentence as ordered by the state court.

In its screening order, the court tentatively set forth the factual

---

from a federal court or other state court or is subject to sentence in a federal court or other state court for an offense committed prior to the defendant's sentence in a Kansas state court, the court may direct that custody of the defendant may be relinquished to federal or other state authorities and that such state sentences as are imposed may run concurrently with any federal or other state sentence imposed.

3

background of this case.  The only finding affected by petitioner's response is that of "no facts to suggest that the State of Kansas relinquished primary custody of Mr. Jones to federal authorities after imposition of his 2010 state sentence."  With respect to this finding, the court adds the following more specific findings.  In 2002 in *United States v. Jones*, Case No. 01-CR-40097-RDR-1, Mr. Jones was sentenced to 72 months in prison with a three-year term of supervised release.  About the same time, he was also convicted of aggravated robbery and sentenced in state court.  His federal sentence was ordered to run concurrent to his state sentences, and he was confined in federal prison until his conditional release on February 8, 2007.  In July 2009, while still on supervised release, Mr. Jones was arrested by state authorities on new charges including burglary.  On March 8, 2010, he was convicted of state charges and "sentenced to the Kansas Department of Corrections" for 29 months.  Supplement (Doc. 7) Attach 1.  The state judge ordered that his state sentence run "concurrent to his federal time in 5:01 CR 40097 001." *Id.*  Shortly thereafter, petitioner was taken into federal custody for a revocation hearing based upon his commission of the new state crimes. The hearing was held on March 30, 2010. Jones was found guilty of violating the conditions of his release, and sentenced to a federal violator term of 24 months.  He thus received and began service of his state sentence before his federal violator term was imposed. Even though the Geary County District Court had ordered petitioner's state sentence to run concurrent with his federal time and "sustained" petitioner's Motion to Relinquish

4

custody to federal jurisdiction, the subsequent revocation judgment in petitioner's federal case was silent as to whether the federal term was to run concurrent or consecutive to Mr. Jones' prior state sentences. 18 U.S.C. § 3584(a) requires that multiple prison terms imposed at different times "run consecutively unless the court orders that the terms are to run concurrently." See *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2nd Cir. 2005)(citing *McCarthy v. Doe*, 146 F.3d 118, 120-21 (2nd Cir. 1998)). Mr. Jones believes that the state court's order amounted to an effective relinquishment of state custody. However, he does not show that he was actually released by KDOC authorities and taken into custody by federal prison officials for service of his federal violator term. Instead, Mr. Jones was returned to KDOC custody on April 15, 2010, and has been serving his state sentences since that time. No facts are alleged to show that the Kansas Department of Corrections and the U.S. Bureau of Prisons ever agreed or actually arranged to transfer physical custody of Mr. Jones to the BOP. In fact, the federal sentencing court and the BOP have denied petitioner's requests to take actions that would effectuate the state court's orders of relinquishment of state custody and concurrent service.

In its screening order, the court thoroughly considered petitioner's claim that his federal sentence is being illegally executed by the BOP due to its failure to take him into federal custody so that the state judge's order for concurrent sentences is given effect. It is undisputed that the federal sentencing court did not order concurrent sentences. Mr. Jones has not provided any facts, reasoning or authority to counter this

court's holdings that when a federal Judgment and Commitment Order is silent as to the concurrent or consecutive nature of a federal sentence it is consecutive under federal law, and that the BOP has no authority to execute a federal sentence in a manner that would render it concurrent to a state sentence when the federal sentence was imposed as consecutive. *See Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991)(The determination by federal authorities that a defendant's federal sentence would run consecutive to his prior state sentence is a federal matter, which cannot be overridden by a state court provision for concurrent sentencing). Requiring the BOP to take Mr. Jones into federal custody before he is released from his state sentence "would void the district court's valid sentence, and undermine the (district) court's authority under 18 U.S.C. § 3584(a)." *See U.S. v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010). The BOP simply has no authority to ignore the sentencing order of a federal court in favor of a contrary order by a state court. As the Tenth Circuit explained in *U.S. v. Ellsworth*, 296 Fed.Appx. 612, 613-14 (10th Cir. 2008)(unpublished)[3]:

> "[a]lthough [petitioner's] state sentence provides for concurrent service of the federal and state sentences, the state court's decision cannot alter the federal-court sentence," which runs consecutively to, not concurrently with, to the state sentence.

*Id.* (*quoting United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir.) *cert. denied*, 555 U.S. 958 (2008)(citing *Bloomgren*, 948 F.2d at 691)).

---

[3]   Unpublished opinions are not cited herein as binding precedent, but for persuasive value. *See* Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

The question of whether Mr. Jones was "illegally sentenced by the U.S. District Court" was one for the sentencing court and for appeal of its decision to the Tenth Circuit Court of Appeals. It is not a claim to be raised in a § 2241 petition. Petitioner previously raised this claim in a § 2255 motion, and it was reasonably found to have no factual or legal merit. As the sentencing judge confirmed to Mr. Jones, the judge was aware of his prior state sentences and there was nothing illegal about the federal judge's sentencing order. *See Ellsworth*, 296 Fed.Appx. at 615.

The court reiterates that any claim that the state court's order for concurrent sentences has not been executed or that petitioner's state plea agreement has been breached is a matter of state law, and in any event must have been fully exhausted in state court[4] before it may be raised in a federal habeas petition.

Finally the court notes well-settled law that a federal defendant is not entitled to "double credit" against his federal sentence for time credited toward a state sentence, when the federal sentencing order does not provide for such credit. *See U.S. v. Wilson*, 503 U.S. 329, 337 (1992)(In enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time."); *Weekes v. Fleming*,

---

[4] "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-(A) the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(b)(1). Alternatively, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. § 2254(b)(1)(B). Generally, the exhaustion prerequisite is not satisfied unless the claim asserted has been presented by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means the claim must have been "properly presented" as a federal constitutional issue "to the highest state court." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

301 F.3d 1175, 1178 (10th Cir. 2002)(Petitioner "received credit against his state sentence for all the time served prior to the date his federal sentence commenced . . . . [and he] is not entitled to pre-sentence credit under § 3585(b)."), *cert. denied,* 537 U.S. 1146 (2003); *Cathcart v. U.S. Bureau of Prisons*, 211 F.3d 1277, at *2 (10th Cir. 2000)(Table)(affirming district court's dismissal of habeas petition on ground that § 3585(b) prohibited petitioner from receiving credit for time served in federal custody where that time had been credited to his state sentence). That the state court ordered petitioner's state sentence to run concurrent to his yet-to-be-imposed federal sentence does not render the foregoing authority inapplicable. The Tenth Circuit has held in factually similar cases: "[a]lthough [petitioner's] state sentence provides for concurrent service of the federal and state sentences, the state court's decision cannot alter the federal-court sentence," which presumptively runs consecutively to, not concurrently with, the state sentence. *Eccleston*, 521 F.3d at 1254; *Bloomgren*, 948 F.2d at 690-91 (Bloomgren not entitled to credit on his federal sentence for time spent incarcerated on the state charges even though he served his federal sentence after his state sentence, rather than serving them concurrently as anticipated by the state court.); *Carroll v. Peterson*, 105 Fed.Appx. 988, 990 (10th Cir. 2004)(unpublished)(BOP was within its discretion in denying inmate's request for a nunc pro tunc order designating state prison as his place of confinement which would have allowed state and federal sentences to run concurrently, where federal sentencing judge was silent as to whether

8

state and federal charges would run concurrently.); *Miller v. Scibana*, 260 Fed.Appx. 80 (10th Cir. 2008)(unpublished)(BOP denial of petitioner's request for a nunc pro tunc concurrent designation of his federal and state sentences proper where federal court did not indicate whether the federal and state sentences should run consecutively or concurrently); *Thomas v. Ledezma*, 341 Fed.Appx. 407, 412-13 (10th Cir. 2009); *see also Reynolds v. Thomas*, 603 F.3d 1144, 1149 (9th Cir. 2010)("[C]oncurrent sentences imposed by state judges are nothing more than recommendations to federal officials.")(citing *Taylor v. Sawyer*, 284 F.3d 1143, 1150 (9th Cir. 2002), *cert. denied*, 537 U.S. 1119 (2003)).  Petitioner makes no suggestion that he is not receiving credit on his state sentences for time spent in KDOC custody.

For all the foregoing reasons and those stated in its Order of April 17, 2012, the court concludes that petitioner has failed to state a claim for relief under 28 U.S.C. § 2241.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motions for Leave to Proceed in forma pauperis (Docs. 2 & 6) are granted.

**IT IS FURTHER ORDERED** that petitioner's Motion to Amend (Doc. 7) is treated as a Motion to Supplement and is granted.

**IT IS FURTHER ORDERED** that this petition for writ of habeas corpus under 28 U.S.C. § 2241 is denied.

**Dated this 20th day of July, 2012, at Topeka, Kansas.**

10

**s/Sam A. Crow**
**U. S. Senior District Judge**